FILED

NOV 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN ELLIS PORTER,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>CHERYLEE WEGMAN; et al.,<br><br>          Defendants-Appellees. | No.   15-16485<br><br>D.C. No. 1:10-cv-01500-LJO-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

Brian Ellis Porter, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Toguchi,  v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm in part,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reverse in part, and remand.

The district court properly granted summary judgment on Porter's Eighth Amendment claim because Porter failed to raise a genuine dispute of material fact as to whether defendant Grewal's treatment of Porter was "medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [Porter's] health." *See id.* at 1058 (citation and internal quotation marks omitted) (a difference in medical opinion does not rise to the level of deliberate indifference).

The district court properly granted summary judgment for defendant Castro on Porter's First Amendment claim because Porter failed to raise a genuine dispute of material fact as to whether Castro personally participated in any constitutional deprivation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

The district court granted summary judgment for defendant Wegman on the basis of qualified immunity. However, Porter raised a genuine dispute of material fact as to whether Wegman violated Porter's right to free exercise of his religion by

switching him from a kosher diet to a vegetarian diet and denying his requested dietary accommodations during multi-day Passover observances. *See Jones v. Williams*, 791 F.3d 1023, 1033 (9th Cir. 2015) (setting forth standard for qualified immunity); *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) ("Inmates have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion.").

Moreover, contrary to Appellees' contention, there is a genuine dispute of material fact as to whether prison regulations and policies authorized Wegman to remove Porter from the kosher diet program, place him on the vegetarian diet program, and deny him dietary accommodations during multi-day Passover observances. *See Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994) ("Courts have . . . held that the existence of a statute or ordinance *authorizing particular conduct* is a factor which militates in favor of the conclusion that a reasonable official would find that conduct constitutional." (emphasis added)).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**